UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| BRIAN CURTIS-MICHAEL BOHANNON and<br>DANIELLE L. BOHANNON,<br><br>Debtors.<br>_______________________________________/ | Chapter 7<br>Case No. 26-44282-TJT<br>Hon. Thomas J. Tucker |
| STUART A. GOLD, Trustee,<br><br>Plaintiff, | |
| v.<br><br>BRIAN CURTIS-MICHAEL BOHANNON and<br>DANIELLE L. BOHANNON,<br><br>Defendant.<br>_______________________________________/ | Adversary Proceeding<br>No. |

# COMPLAINT

The Chapter 7 Trustee Stuart A. Gold, by and through his counsel Gold, Lange, Majoros & Smalarz, P.C., for his complaint states:

## Jurisdiction

1. This is an adversary proceeding in bankruptcy brought by plaintiff pursuant to Title 11 of the United States Code and Fed. R. Bankr. P. 7001(4), objecting to the discharge of debtor/defendants pursuant to 11 U.S.C. §§ 727(a)(4)(D) & 727(a)(3).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Plaintiff consents to entry of a final order or judgment by this court.

## **Facts**

3. On April 16, 2026, Brian Curtis-Michael Bohannon and Danielle L. Bohannon ("the defendants") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Stuart A. Gold (the "Plaintiff") is the duly appointed Chapter 7 Trustee of the defendant's bankruptcy estate.

5. In their bankruptcy schedule E/F, the defendant scheduled twenty-eight (28) creditors holding unsecured claims in the amount of $102,141.24.

6. On May 13, 2026, Plaintiff requested the defendants to produce documents relating to their financial affairs for inspection and copying as follows:

a. All unredacted bank statements, cancelled checks and/or check registers for all savings accounts, checking accounts, brokerage investment accounts, and business checking accounts in the name of the debtors, held jointly with another, or such accounts that they merely used for the period January 1, 2022 through April 30, 2026, including all 14 scheduled financial accounts.

b. All IRA, 401k, and other retirement plan statements for the period January 2024 to the present.

c. All account receivable documentation and payment records relating to any amounts due the debtors as of the petition date, including contracts and other records relating to the debtors' right to receive loans, sales from third party payors, receivables, advances, dividends, commissions on sales contracts, payments from third parties, ex-spouses, renters and/or related businesses owned in whole or in part by the debtors.

d. All documents evidencing the claims of the creditors on Schedules E and F and records evidencing the disposition of the credit and/or loan proceeds extended to the debtors by those creditors.

e. All documents evidencing loan or credit repayments made by or on behalf of the debtors to the creditors listed on Schedules E and F during period January 1, 2026 through April 30, 2026, including all non-scheduled creditors who were paid during that period.

f. A copy of life insurance policies and annuities, including complete copies of the policies and annuity contracts, most recent statements evidencing cash value of policies and/or annuity contract(s), and documents evidencing disposition of the loan proceeds. This includes the Lincoln Heritage policies.

g. All records relating to, referring to, or evidencing transfers of money to and/or between the debtors, adult children, relatives, and other insiders within the last six (6) years, including documents evidencing the consideration received for the transfers, including Patricia Sworf.

h. All records relating to, referring to, or evidencing transfers by the debtors of tangible personal or real property to any party within the last six (6) years and records evidencing receipt and the disposition of the proceeds.

i. Copy of titles, leases, and currently monthly loan statements for any vehicles owned, leased or merely used by the debtors, including the 2018 Chevrolet Pickup.

j. For all businesses which debtors have, or had an interest in, including Curbside Junk Removal, LLC and Inviting Scents, LLC, the following:

   i. Bank statements and check registers for all accounts for the period of January 1, 2024 through the present.

   ii. Documents evidencing any franchise agreements, terminations, and purchase or sale of assets of the entities.

   iii. Deeds, titles, mortgages, loan account statements, and leases for all property owned, leased and sold.

   iv. General ledger for January 1, 2024 through the present.

   v. Account receivable and account payable reports for January 1, 2024 through the present.

vi. Balance sheets and income statements for 2023 through the present.

vii. Operating agreements.

7. Defendants have access to, as well as possession, custody and/or control of the records referenced in paragraph 6. However, the defendants have refused to produce the requested documents for inspection and copying.

8. The defendants knowingly and fraudulently failed to produce all of the requested records referenced in paragraph 6 in violation of their duties under 11 U.S.C. §§ 521(3), 521(4) and 542(e).

9. The requested records are necessary for the Trustee to identify non-exempt equity in property, including debtor's interest in the accounts, unpaid wages, and tax refunds and businesses.

**COUNT I**
**Withheld Information**

10. Plaintiff restates the allegations contained in paragraphs 1 through 9 of his complaint and incorporates them herein by reference.

11. The defendants knowingly and fraudulently, in or in connection with their Chapter 7 bankruptcy filing, withheld recorded information, including books, documents, records and papers relating to their property and financial affairs.

12. The defendants have failed and refused to produce all of the records identified in paragraph 6.

13. The defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D).

WHEREFORE, Plaintiff respectfully requests entry of a judgment denying defendants' discharge and granting Plaintiff all other property relief.

**COUNT II**
**Defendant Failed to Keep or Preserve any**
**Recorded Information From Which Defendants'**
**Financial Condition or Transactions Might be Ascertained**

14. Plaintiff restates the allegations contained in paragraphs 1 through 13 and incorporates them herein by reference.

15. Plaintiff requested records from the defendants relating to their property and financial affairs as specifically described in paragraph 6 above.

16. To the extent the defendants claim that they do not have the requested records, then they concealed, destroyed or failed to keep or preserve recorded financial information from which their financial condition and disposition of their assets, income, and money obtained on credit might be ascertained.

17. The defendants have failed to keep and preserve recorded information from which his financial condition and material business transactions may be ascertained.

18. It is impossible to determine the material business and consumer transactions of the defendants from a reasonable period prior to the bankruptcy filing date.

19. The defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of a judgment denying defendants' discharge and granting Plaintiff all other property relief.

Respectfully submitted,

GOLD, LANGE, MAJOROS &
SMALARZ, P.C.

Dated: June 10, 2026

/s/ Elias T. Majoros
Attorneys for Plaintiff
24901 Northwestern Hwy., Suite 444
Southfield, MI 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Bohannon, Brian and Danielle\Gold v. Bohannon, Brian & Danielle\Complaint Objecting to Debtors' Discharge.pko.docx